IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FRANK LaPENNA, son and Administrator ) | |
| of the Estates of Francis J. LaPenna and ) | |
| Helen J. LaPenna, Deceased. ) | |
| ) | |
| Plaintiff, ) | CASE NO. 2:10-cv-1018-MEF |
| v. ) | |
| ) | |
| COOPER TIRE & RUBBER COMPANY, ) | (WO – PUBLISH) |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

The instant action revolves around an April 8, 2010 automobile accident on

Interstate 95 in Camden County, Georgia, which caused the deaths of Francis J. LaPenna

and Helen J. LaPenna (collectively, "the LaPennas").  On December 2, 2010, Plaintiff, as

Adminstrator of the LaPennas' estates, filed the instant action against Defendants Ford

Motor Company, Inc. ("Ford Motor") and Cooper Tire & Rubber Company ("Cooper

Tire"), alleging product-liability, negligence, wantonness, and wrongful death claims.

(Doc. # 1).[1]  On February 11, 2011, Ford Motor was dismissed from this action upon

motion from Plaintiff and with no objection from Ford Motor pursuant to Federal Rule of

Civil Procedure 41.  (Doc. # 18).  This cause is currently before the Court on three

motions.  First, on February 18, 2011, Cooper Tire filed a motion to transfer venue of this

---

[1]  The product-liability claims relate to the 2005 Ford Explorer driven by the LaPennas and
the Cooper MESA tires on the vehicle.  (Doc. # 1, at 6).  Plaintiff filed an Amended Complaint on
December 20, 2010 in order to provide the correct Vehicle Identification Number for the Ford
Explorer.  (Doc. # 5).

action to the United States District Court for the Southern District of Georgia.  (Doc. # 20).  Second, on March 28, 2011, Plaintiff filed a motion to dismiss the negligence claims against Cooper Tire.  (Doc. # 31).  Finally, on June 13, 2011, Cooper Tired filed a Motion to Stay Discovery, (Doc. # 37), pending resolution of the motion to transfer.

After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the Court finds that the motion to dismiss the negligence claims, (Doc. # 31), is due to be GRANTED, that the motion to transfer venue, (Doc. # 20), is due to be GRANTED, and that the motion to stay discovery, (Doc. # 37), is due to be DENIED as MOOT.

## JURISDICTION AND VENUE

The Court exercises subject matter jurisdiction over this action pursuant 28 U.S.C. § 1332, based upon the parties' diversity of citizenship[2] and an amount in controversy exceeding $75,000.00, exclusive of interest and costs.  The parties do not contest personal jurisdiction.  Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1391(a) and (c).

## RELEVANT FACTS AND PROCEDURAL HISTORY

As previously stated, this action arises from an automobile accident that occurred on April 8, 2010 in Camden County, Georgia, which is located within the Southern District of Georgia.  Plaintiff alleges that a defective tire manufactured by Cooper Tire

---

[2] For purposes of § 1332(a), the LaPennas' estates are citizens of Florida.  Defendant Cooper Tire is a citizen of Delaware, its state of incorporation, and Ohio, the state where its principal place of business is located.

2

caused the LaPennas Ford Explorer to lose control and roll over, killing the LaPennas.[3]
The accident was a non-collision accident involving no other vehicles.  (Doc. # 20 Ex. A).
Thus, the only persons involved in the accident itself were the LaPennas, who were
Florida residents at the time of their deaths.  The LaPennas' vehicle was licensed and
registered in Florida.  (*Id.*).  Camden County Fire Rescue personnel responded to the
accident while the Georgia State Patrol investigated it.  Kelly's Towing and Recovery,
which is located in Camden County, Georgia, towed the vehicle from the accident scene.
At some point, the subject tire was moved to Montgomery, Alabama and the Ford
Explorer was moved to Birmingham, Alabama.  Cooper Tire contends that Plaintiff's
counsel "decided to move [the] critical physical evidence" to Alabama.

Three known persons witnessed the accident: (1) William Robinson of Martinez,
Georgia, which is located within the Southern District of Georgia; (2) Horace Glenn of
Lutz, Florida; and (3) Tsopie Trottie of Jacksonville, Florida.  (Doc. # 20 Ex. 1).  Cooper
Tire has identified fifteen additional fact witnesses, "who all appear to be resident citizens
of Georgia, [that] have relevant information about the accident based on their presence at
the accident scene or their involvement thereafter."  (Doc. # 21, at 2).  One such
individual is Richard Sikes, of the Georgia State Patrol, who filled out an accident report
for the incident.  (Doc. # 20 Ex. A).  Five are members of the Camden County Sheriff
Department, while six are members of the Camden County Fire Rescue.  Cooper Tire also

---

[3]  The tire itself was manufactured in Texarkana, Arkansas.

3

points to the Camden County Coroner and Mark Kelly, an adult resident of Georgia, who towed the LaPennas' vehicle from the accident scene.  Finally, Cooper Tire identifies William Gerald Robinson, another adult resident of Georgia, who allegedly witnessed the accident.  (Doc. # 21, at 2–3).

Plaintiff is the administrator of the LaPennas' estates and is a resident of North Carolina.  He filed the instant action on December 2, 2010, alleging products liability, negligence, and wantonness claims against Ford Motor and Cooper Tire.  Ford Motor was dismissed from this action on February 11, 2011.  The remaining defendant, Cooper Tire, is a Delaware Corporation with its principal place of business located in Ohio.  Currently pending before this Court are Cooper Tire's motion to transfer venue, (Doc. # 20), Plaintiff's motion to dismiss the negligence claims against Cooper Tire.  (Doc. # 31), and Cooper Tire's motion to stay discovery pending resolution of the motion to transfer.  (Doc. # 37).

## ANALYSIS

### I.  The Motion to Dismiss the Negligence Claims (Doc. # 31)

Plaintiff has filed a motion to dismiss the negligence claims.  Cooper Tire does not object to dismissal of these claims and contends that its motion to transfer venue "should be granted whether or not Plaintiff pursues negligence claims."  (Doc. # 36, at 1).  Thus, Plaintiff's motion to dismiss the negligence claims, (Doc. # 31), is due to be GRANTED.

4

II.     **The Motion to Transfer Venue (Doc. # 20)**

Pursuant to 28 U.S.C. § 1404(a), a district court may, "[f]or the convenience of parties and witnesses, and in the interest of justice, . . . transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a). Whether a motion to transfer venue should be granted rests "within the sound discretion of the court."  *Hutchens v. Bill Heard Chevrolet Co.*, 928 F. Supp. 1089, 1090 (M.D. Ala. 1996) (DeMent, J.); *accord Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 654 (11th Cir. 1993).  When making this determination, courts follow a two-step process: "the court must first determine whether the action could originally have been brought in the proposed transferee court . . . [and] [s]econd, 'the court must decide whether the balance of convenience favors transfer.'"  *Folkes v. Haley*, 64 F. Supp. 2d 1152, 1155 (M.D. Ala. 1999) (DeMent, J.) (quoting *Johnston v. Foster-Wheeler Constructors, Inc.*, 158 F.R.D. 496, 504 (M.D. Ala. 1994) (Albritton, J.)).  When faced with a motion to transfer, a court "must engage in 'an individualized case-by-case consideration of convenience and fairness."  *Folkes*, 64 F. Supp. 2d 1154 (quoting *Hutchens*, 928 F. Supp. at 1090); *accord Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

A.     **Whether the Action Could Have Been Brought in the Transferee District Court**

Where, as here, jurisdiction is founded solely upon diversity of citizenship, the suit may be brought in the following venues:

(1) a judicial district where any defendant resides, if all defendants reside in

5

the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no other district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).  Cooper Tire contends that this action could have been brought in the Southern District of Georgia pursuant to § 1391(a)(2) because a substantial part of the events or omissions giving rise to this case—*i.e.* the accident—occurred there.  (Doc. # 21, at 5).   Plaintiff admits that both the Middle District of Alabama and the Southern District of Georgia are proper venues under § 1391.  (Doc. # 24, at 4).  This Court agrees and finds that this action could have originally been brought in the Southern District of Georgia.  *See Hines v. Cooper Tire & Rubber Co.*, No. 1:10CV283-B-D, 2011 U.S. Dist. LEXIS 42640, at * (N.D. Miss. Apr. 18, 2011) (holding that, when considering a motion to transfer a products liability action stemming from an automobile accident that occurred in the Middle District of Louisiana, "venue is proper in the Middle District of Louisiana pursuant to [§] 1391(a)(2) because 'it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred'"); *accord Gonzalez v. Pirelli Tire, LLC*, No. 07-80453-CIV-MARRA/JOHNSON, 2008 U.S. Dist. LEXIS 13492, at *5 (S.D. Fla. Feb. 21, 2008) (holding that a products liability action arising out of a fatal automobile accident that occurred in the Middle District of Florida should be transferred to that district because, in part, "the incident underlying the action occurred" there).

### B.    Whether the Balance of Convenience Favors Transfer

Section 1404 "provides for transfer to a *more* convenient forum, but not to one which is likely to prove equally convenient or inconvenient."  *Folkes*, 64 F. Supp. 2d at 1154 (emphasis added) (citing *Johnston*, 158 F.R.D. at 503).  Furthermore, the defendant bears the burden of establishing that the transferee forum is more convenient.  *See, e.g.*, *In re Ricoh Corp.*, 870 F.2d 570, 572 (11th Cir. 1989).  In determining whether the balance of convenience favors transfer, courts generally consider relevant private and public factors.  These factors include the following: (1) plaintiff's initial choice of forum; (2) the convenience of the parties; (3) the relative ease of access to sources of proof; (4) the availability of compulsory process for witnesses; (5) the location of relevant documents; (6) the financial ability to bear the cost of the change; (7) trial efficiency; and (8) the public interest.  *See Republic of Pan. v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 952–53 (11th Cir. 1997); *Folkes*, 64 F. Supp. 2d at 1155; *Tampa Bay Storm, Inc. v. Arena Football League, Inc.*, 932 F. Supp. 2d 281, 282 (M.D. Fla. 1996).

### *i.*    Plaintiff's Choice of Forum

Traditionally, a plaintiff's choice of forum is afforded deference.  (Doc. # 24, at 3) (citing *Hale v. Cub Cadet, LLC*, No. 3:10-cv-697-MEF, 2010 U.S. Dist. LEXIS 118584, at *11 (M.D. Ala. Nov. 8, 2010) (Fuller, C.J.)).  However, Plaintiff's choice of forum is entitled to less deference here for two reasons.  First, Plaintiff is a resident of North Carolina and, thus, his chosen venue—the Middle District of Alabama—is not his home

forum.  *See, e.g.*, *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430

(2007) (noting that where the plaintiff's choice of venue is not his "home forum, . . . the

presumption in plaintiff's favor applies with less force, for the assumption that the chosen

forum is appropriate is in such cases less reasonable"); *accord Dendy v. Decker Truck*

*Line, Inc.*, No. 2:10cv459-MHT, 2010 U.S. Dist. LEXIS 88453, at *9 (M.D. Ala. Aug.

26, 2010) (Thompson, J.).  Second, none of the operative facts underlying the cause of

action occurred within the Middle District of Alabama.  The operative facts underlying a

products-liability action occurred "where the business decisions made by the Defendant

relative to the products liability theories of the case occurred."  *Holmes v. Freightliner,*

*L.L.C.*, 237 F. Supp. 2d 690, 693 (M.D. Ala. 2002) (Albritton, J.).  Here, Cooper Tire is

headquartered in Ohio and the tire was manufactured in Arkansas.  Thus, it is likely that

the business decisions relating to the design of the tire were made in either Ohio or

Arkansas.

Accordingly, because Plaintiff's choice of forum is neither his home forum nor the

place where the operative facts underlying the cause of action occurred, it is of minimal

value in considering whether to transfer this action.  *See, e.g.*, *Gould v. Nat'l Life Ins. Co.*,

990 F. Supp. 1354, 1359 (M.D. Ala. 1998) (Albritton, J.) (holding that "when the

operative facts underlying the cause of action did not occur within the forum chosen by

the [p]laintiff, the choice of forum is entitled to less consideration"); *accord Johnston*,

158 F.R.D. at 505 ("Where none of the conduct complained of took place in the forum

8

selected by Plaintiff, the Plaintiff's choice of forum is of minimal value in determining whether to transfer an action.") (citations omitted).  Indeed, where, as here, the plaintiff's chosen forum is not his home forum and is not connected with the subject matter of the lawsuit, it is "generally less difficult for the defendant, seeking a change of venue, to meet the burden of showing sufficient inconvenience to tip the balance of convenience strongly in the defendant's favor."  *Insuracorp, Inc. v. Am. Fid. Assurance Co.*, 914 F. Supp. 504, 506 (M.D. Ala. 1996) (DeMent, J.) (citations omitted).

> *ii.*        **The Convenience of the Parties**

As for the convenience of the parties, the Court notes that neither party is a citizen of Alabama or Georgia.  However, when considering the convenience of the parties vis-à-vis their counsel of record, Plaintiff contends that the location of counsel renders the Middle District of Alabama more convenient than the Southern District of Georgia. (Doc. # 24, at 8) (citing *First Fin. Bank v. CS Assets, LLC*, No. 08-0731-WS-M, 2009 U.S. Dist. LEXIS 37885, at *20 (S.D. Ala. May 4, 2009) ("Furthermore, the only attorneys to have appeared for either [of the parties] in this action are based in the Southern District, not the Northern District.")).  The consideration of the location of counsel for the parties is a "subset of the analysis of the convenience to the parties." *Walters v. McMahen*, No. 1:10-cv-257-MEF, 2011 U.S. Dist. LEXIS 28506, at *16 (M.D. Ala. Mar. 18, 2011) (Fuller, C.J.).  Here, Plaintiff's counsel of record is located within the Middle District of Alabama, and Cooper Tire's counsel of record are located in the

9

Northern District of Alabama.  Thus, this Court agrees that the convenience of the parties vis-à-vis their counsel weighs somewhat against transfer of this action to the Southern District of Georgia.

### iii.    The Convenience of the Witnesses

However, "the *most important factor* in passing on a motion to transfer venue under § 1404(a) is the convenience of the witnesses." *Insuracorp*, 914 F. Supp. at 506 (emphasis added) (citations omitted).  Indeed, when considering this factor, a district court is to give more weight to the convenience of non-party witnesses than the convenience of parties or party-witnesses.  *See ASD Specialty Healthcare, Inc. v. Letzer, D.O., PLC*, No. 2:10-cv-388-WKW, 2010 U.S. Dist. LEXIS 74954, at *11 (M.D. Ala. July 26, 2010) (Watkins, J.).  Here, it does not appear that any party witnesses are located within either the Middle District of Alabama or the Southern District of Georgia. However, Defendant has pointed to a large number of non-party witnesses located in the Southern District of Georgia who have relevant information about the automobile accident at issue based upon their presence at the accident scene or their involvement thereafter.[4]  Plaintiff, on the other hand, has not pointed to *any* witness, located in the

---

[4]    Plaintiff cites to *Holmes*, another products-liability action stemming from a fatal automobile accident, for the proposition that these witnesses will only testify as to the acts surrounding the accident and are not key witnesses in the action.  *See Holmes*, 237 F. Supp. 2d at 695 ("[T]he actual facts of the accident are apparently relevant only to the extent that they undermine Plaintiff's products[-]liability claims.  Their testimony does not appear to be so central to the case that it could not fairly be presented through depositions.") (internal citations omitted).  However, *Holmes* involved a case where non-party witnesses were located in *both* the plaintiff's chosen forum and the defendant's desired forum.  *Id*.

Middle District of Alabama.  Thus, the convenience of the witnesses—particularly, the

non-party witnesses—weighs strongly in favor of transfer of venue in this case.  *See*

*Gould v. Nat'l Life Ins. Co.*, 990 F. Supp. 1354, 1359 (M.D. Ala. 1998) (Albritton, J.)

(noting that the location of non-party witnesses outside of Plaintiff's chosen venue was

"especially important given that the Middle District of Alabama would be unable to

compel attendance of these persons").[5]

---

As with the non-party witnesses at issue here, the witnesses in *Holmes* did not go to the design of the allegedly defective product.  Rather, the witnesses located in the plaintiff's home state included the decedent's employer, who maintained the lease, maintenance and repair records for the truck at issue, other employees, and the physician who administered the driver's physical.  The witnesses located in the defendant's desired forum included "eyewitnesses to the accident, law enforcement officers responding to the accident, a tow truck operator, emergency medical personnel, and medical examiners."  *Id.*  The *Holmes* court did not find that these were not key witnesses.  Instead, the court found that "there will be non-party witnesses who will be inconvenienced if the case is tried in either forum."  *Id.*  Thus, this factor did not weigh substantially in favor of a transfer. *Id.*

Here, however, Plaintiff has not pointed to a *single* factual witness, whether party or non-party, located within the Middle District of Alabama.  This is not a situation where non-party witnesses will be inconvenienced in either forum.  Here, it would clearly be more convenient for this action to be tried in the Southern District of Georgia, where the majority of non-party witnesses are available to compulsory process, as opposed to the Middle District of Alabama, where no witnesses are subject to compulsory process.  *See J.C. Renfroe & Sons, Inc. v. Renfroe Japan Co., Ltd.*, 515 F. Supp. 2d 1258, 1271 (M.D. Fla. 2007) ("[T]o fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants.") (citations omitted).

[5]  Plaintiff contends that this case will be mostly tried by experts and that it would be more convenient to try the case in the Middle District of Alabama because the counsels' typical tire experts reside in North Carolina and Huntsville, Alabama.  However, because these expert witnesses are under the control of the parties, they are not as crucial as those whose attendance the parties are unable to procure.  *See Gonzalez*, 2008 U.S. Dist. LEXIS 13492 at *10 ("[T]he fact that Plaintiff is better able to procure the attendance of her witnesses in the [defendants' desired forum], and Defendants are virtually unable to procure the attendance of theirs in this district, is a critical consideration.").

### *iv.*     **The Location of Relevant Documents**

With respect to the location of relevant documents, Cooper Tire points out that its design facilities and engineers are in Ohio.  Thus, as to the information held in these design facilities and by these engineers, it would be equally as convenient for this action to proceed in Georgia or Alabama.  Plaintiff contends that Cooper Tire has been sued for similar wrecks related to various models of tires that suffered tread separation and that many such cases have been consolidated into a California state multi-district litigation called a Judicial Council Coordinated Proceeding ("the JCCP").

Plaintiff contends that Cooper Tire's counsel currently possess copies of these documents and depositions in their offices located in Birmingham, Alabama.[6]  While these documents are located closer to Plaintiff's chosen forum than Cooper Tire's desired forum, this Court finds that they can be produced just as easily in either forum.  *See Steifel Labs., Inc. v. Galderama Labs., Inc.*, 588 F. Supp. 2d 1336, 1340 (S.D. Fla. 2008) (noting that documents held by one party "would have to be produced in the course of discovery regardless of venue" and that, "in the current world of expedited transfer of information, assembly and production of any necessary information can be produced just as easily in" either forum).  Furthermore, as Cooper Tire points out, the relevant documents which are *not* possessed by either party—*e.g.* the investigation files of the Georgia State Patrol—are located in the Southern District of Georgia, where the accident

---

[6] The Court notes that these other actions relate to *various* types of tires, and it is unclear whether all or even a majority of these documents would be relevant to the tire at issue in this case.

occurred, and would not be produced by either party in the normal course of discovery. Thus, this factor weighs in favor of transfer.

### v. The Relative Ease of Access to Sources of Proof

As for the relative ease of access to sources of proof, it appears that Plaintiff's counsel has moved the subject automobile and tire to Alabama—the tire is currently located in Montgomery, Alabama and the automobile is stored in Birmingham, Alabama. Cooper Tire objects that Plaintiff's unilateral action in moving the physical evidence to Montgomery, Alabama, should not be given weight in deciding whether to transfer. While this Court agrees that the location of the tire and automobile in Alabama weighs against transfer to Georgia, its value in determining whether to transfer is slight. However the tire and automobile came to be in Alabama, it can just as easily be moved back to Georgia, while the non-party witnesses and documents discussed above cannot. *See Gonzalez*, 2008 U.S. Dist. LEXIS 13492 at *9 (holding that, in a products-liability action arising from a fatal automobile accident, transfer to the forum where the accident occurred was proper, in part, because "the car and tires can be easily transported and can be made available" in the defendants' desired forum).

### vi. The Financial Ability to Bear the Cost of the Change

With respect to the financial ability to bear the cost of the change, the Court notes that this factor weighs against transfer given that Plaintiff is an individual and Cooper Tire is a corporation better able to handle the costs of inconvenience.  However, the

financial ability to bear cost of change, while important, cannot defeat transfer where the bulk of the factors favor transfer. *See Merswin v. Williams Cos.*, No. 1:08-CV-2177-TWT-LTW, 2009 U.S. Dist. LEXIS 130658, at \*23 (N.D. Ga. Jan. 5, 2009).

      *vii.*    **Trial Efficiency**

This Court finds that the factor of trial efficiency is neutral, favoring neither forum.

      *viii.*    **The Public Interest**

When considering the public interest, courts look to the following:

> The administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1333 (11th Cir. 2011) (internal quotations and quotations omitted); *accord La Seguridad v. Transytur Line*, 707 F.2d 1304, 1307 (11th Cir. 1983) (citations omitted). These public interest factors weigh heavily in favor of transfer of this action to the Southern District of Georgia. The parties agree that Georgia law will apply in this case. Thus, it is undisputed that the Southern District of Georgia would be more familiar with applying Georgia law in a diversity case. *See Hutchens*, 928 F. Supp. at 1091 ("[T]here is an appropriateness . . . in having the trial of a diversity case in a forum that is at home with the state law that must govern the case . . . . The court is persuaded that as a practical matter, a district court located in Georgia and routinely

14

applying Georgia law can more appropriately apply such law than a district court located in another state.").  At the same time, since this Court not infrequently applies Georgia law and because the applicable Georgia law is not particularly complex, this factor is of less importance.  *See Holmes*, 237 F. Supp. 2d at 696.

What is critically important in this case, however, is the fact that Alabama has *no relation whatsoever to the subject matter underlying the lawsuit*.  Plaintiff admits that the decisions regarding the design and manufacturing of the tire were likely made in Ohio or Arkansas.  The tire itself was manufactured in Arkansas.  The LaPennas' automobile was not registered in Alabama, nor is there any evidence before this Court that the LaPennas ever drove, serviced, or maintained the automobile in Alabama.  The accident causing the LaPennas' deaths did not occur in Alabama.  Simply put, Alabama and its citizens have no interest in this litigation.  Plaintiff contends that "Alabama citizens have just as much interest in making sure that safe products, particularly tires, are being sold and placed on their vehicles as do residents of any other state."  (Doc. # 24, at 22).  This is simply not enough to burden Alabama's courts and jurors with trying a case involving an accident in Georgia applying Georgia law to a product designed, manufactured, and sold elsewhere, particularly because *every single state* in the United States would have such a generalized and tenuous interest.  Georgia, on the other hand, is the site where the accident at issue in this case *actually occurred* and, thus, has a much stronger, and much more concrete, interest in this case.

15

Having considered all the relevant factors and engaged in an individualized consideration of convenience and fairness in this case, the Court finds that Cooper Tire has met its burden of establishing that the Southern District of Georgia is a more convenient venue for this litigation than the Middle District of Alabama.  Thus, Cooper Tire's motion to transfer venue of this action to the United States District Court for the Southern District of Georgia, (Doc. # 20), is due to be GRANTED.

**III.    The Motion to Stay Discovery (Doc. # 37)**

As this Court has determined that Cooper Tire's motion to transfer venue should be granted, the motion to stay discovery pending resolution of the motion to transfer, (Doc. # 37), is due to be DENIED as MOOT.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that

(1)    The motion to dismiss the negligence claims against Cooper Tire, (Doc. # 31), is GRANTED.

(2)    The motion to transfer venue of this action to the United States District Court for the Southern District of Georgia, (Doc. # 20), is GRANTED.

(3)    The motion to stay discovery pending resolution of the motion to transfer, (Doc. # 37), is DENIED as MOOT.

(4)    This case is transferred to the United States District Court for the Southern District of Georgia pursuant to 28 U.S.C. § 1404(a).

(5)     The Clerk is DIRECTED to take all necessary steps to effectuate the

transfer of Plaintiff's civil action.

(6)     Any outstanding motions remain pending for resolution by the United States

District Court for the Southern District of Georgia.

DONE this the 7th day of July, 2011.


                                        /s/ Mark E. Fuller
                              UNITED STATES DISTRICT JUDGE